# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**RETCNICK FAUSTEN,**
**D.O.C. # W16862,**

    **Plaintiff,**

vs.                                      Case No.  4:21cv16-AW-MAF

**AT&T SERVICES, INC.,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se and with in forma pauperis status, *see* ECF No. 11, filed a second amended complaint, ECF No. 19, on February 19, 2021, against Defendant AT&T Services, Inc.  Service was directed on April 9, 2021, ECF No. 33, and the Defendant filed an answer with affirmative defenses on June 28, 2021.  ECF No. 44.  An Initial Scheduling Order, ECF No. 45, was entered on July 2, 2021.

Issues have arisen in this case ever since.  First, Plaintiff began filing unnecessary motions, notices, discovery documents, and the like, *see* ECF Nos. 46-47, 50, 52-53, 55-56, 59-62, 64, 66, 68-72, 74-75, which

necessitated numerous Court Orders, *see* ECF Nos. 63, 65, 77, 80, 81, and 84. Issuing unnecessary and repetitive Orders takes the Court's time and attention away from processing other cases. Plaintiff did not heed the guidance to him and continued to violate the Rules of this Court and Court Orders.

Federal Rule of Civil Procedure 11(b) provides that: "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Many of Plaintiff's filings violated that Rule by causing delay, in this case and others, and needlessly increasing the costs of litigation.

Second, Plaintiff filed a motion, ECF No. 75, complaining that he had been placed in confinement because opposing counsel had called his institution and was concerned about a letter Plaintiff sent to counsel to "resolve this case." ECF No. 75 at 1. As it turns out, counsel for the

Defendant has provided this Court with copies of two letters that Plaintiff sent to counsel "which include[d] threats of physical violence and death, as well as warnings that [Plaintiff would] file a bar complaint with the Florida Bar if settlement [was] not reached in this matter."  ECF No. 79 at 3; *see* Ex. A (ECF No. 79 at 12-13).  Those letters raise serious concerns as to Plaintiff's intent in pursuing this case.  The letters include threats of physical violence, made demands for monetary payment, and Plaintiff not so subtly advised counsel that "if for any reason you AT&T don't pay me I'll be free 2023."  ECF No. 79 at 12.  Plaintiff also stated that "God forgives" but he doesn't.  *Id.*

The harassing nature of those letters highlights the primary problem with this case - it is the fourth case Plaintiff has filed against the Defendant within the past three years.  ECF No. 79 at 3.  Faced with the filing of multiple cases[1] and threatening letters, Defendant filed a "motion for

---

[1] Plaintiff has filed a total of nine cases in the past six years: (1) case # 4:19cv600, Fausten v. AT&T Services, Inc., filed in this Court on 12/13/2019, dismissed on 06/08/2020; (2) case # 4:19cv618, Fausten v. Geico Indemninty Company, filed in this Court on 12/30/2019, dismissed on 05/26/2020; (3) case # 4:21cv16, Fausten v. AT&T Services, Inc., filed in this Court on 01/08/2021, still pending; (4) case # 1:16cv23510, Fausten v. Central Financial Control, filed in the Florida Southern District Court on 08/15/2016, dismissed on 08/16/2016; (5) case # 1:16cv23514, Fausten v. Central Financial Control, filed in the Florida Southern District Court  on 08/15/2016, dismissed on 08/15/2016; (6) case # 9:2018cv80378, Fausten v. JFK Medical Center-North Campus, filed in the Florida Southern District Court on 03/26/2018, dismissed on

Page 4 of 17

involuntary dismissal and motion to declare Plaintiff a vexatious litigant." ECF No. 79 at 1.  The motion demonstrates that Plaintiff previously filed the following four cases against the Defendant, each of which concerns the incident at issue in this case - that on February 15, 2018, Plaintiff "tripped [and] fell" over a cable wire allegedly owned or operated by AT&T.  ECF No. 19 at 6-7.

Plaintiff's first case was filed against Defendant AT&T - case number 1:19-cv-938-RDA-IDD - in the Eastern District of Virginia on July 18, 2019. ECF No. 79 at 6.  Plaintiff[2] submitted a motion for voluntarily dismissal of that case on September 23, 2019, because he was "also pursuing the matter in Florida, where he is currently confined."  ECF No. 79 at 14 (Ex. B).  The motion was granted and the case dismissed on September 27, 2019.  *Id.*

---

06/01/2018; (7) case # 1:19cv23383, Fausten v. AT&T, Inc., filed in the Florida Southern District Court on 08/13/2019, dismissed on 11/26/2019; (8) case # 2:15cv155, Fausten v. HSBC Taxpayer Financial Services, Inc., filed in the Virginia Eastern District Court on 04/10/2015, dismissed on 09/01/2016; and (9) case # 2:16cv533, Fausten v. Syndicated Office Systems LLC, filed in the Virginia Eastern District Court on 09/08/2016, dismissed on 08/01/2018.

[2] The case incorrectly lists Plaintiff's name as Retenick Fausten instead of Retcnick. ECF No. 79 at 14 (Ex. B).

Case No. 4:21cv16-AW-MAF

Plaintiff filed another case against AT&T in the Southern District of Florida - case number 1:19-cv-23383-FAM - on August 13, 2019.[3] That case was dismissed on November 26, 2019, because Plaintiff failed to serve the complaint in compliance with Rule 4(m). ECF No. 79 at 15 (Ex. C).

Plaintiff's third case was filed in this Court on December 13, 2019. *See* case number 4:19cv600-MW-MAF. The case was brought against AT&T Services, Inc., Bellsouth Telecommunications, LLC, and Sedgwick Claims Management Services, Inc., and again concerned Plaintiff's trip and fall over a cable wire on February 15, 2018, in West Palm Beach, Florida. ECF No. 14 of that case. The case was dismissed on June 8, 2020, for lack of subject matter jurisdiction. ECF Nos. 17-18 of that case. Specifically, the case was dismissed because Plaintiff filed the case pursuant to this Court's federal diversity jurisdiction, 28 U.S.C. § 1332(a); however, both Plaintiff and Defendant BellSouth were alleged to be residents of the State of Florida; thus, complete diversity was lacking. ECF Nos. 15, 17 of that case. Plaintiff then filed an untimely notice of appeal,

---

[3] Again, the Court has reviewed Plaintiff's complaint to confirm that the case concerned Plaintiff's allegation that on February 15, 2018, Plaintiff "fell over a cable wire" while walking in West Palm Beach, Florida. ECF No. 1 at 1 of that case.

ECF No. 20, and his appeal was dismissed for lack of jurisdiction on September 10, 2020. ECF No. 27 of that case; *see also* ECF No. 79 at 18-19 (Ex. D). This case was then filed four months later on January 8, 2021.

Defendant points out that only one of the nine cases Plaintiff filed ended with any benefit to Plaintiff. ECF No. 79 at 8. A 2015 case was jointly dismissed pursuant to a settlement agreement. *Id.* All other cases concluded when motions to dismiss were granted, (case number 4:19cv618-MW-MAF, case number 9:18cv80378-WPD, case number 2:16cv533-AQA-LRL), because the complaint failed to state a claim, *(*case number 1:16cv23510-CMA), Plaintiff improperly asserted subject matter jurisdiction, *(*case number 4:19cv600-MW-MAF), or Plaintiff failed to comply with Federal Rule of Civil Procedure 4(m) (case number 1:19-cv-23383-FAM). Defendant argues that Plaintiff's "abusive practices and inappropriate behavior towards" opposing counsel must be stopped and this case should be dismissed without prejudice. ECF No. 79 at 8.

Plaintiff does not deny that he filed nine prior cases with six years; he asserts that he has the right to file lawsuits under the First Amendment. ECF No. 88 at 2, 3-4. He declares his right to sue, for "privileged mail" and access to the courts, and a "fundamental right to access and use the court

system just like people on the outside" of prison. *Id.* at 3-4. He argues that § 1983 was enacted to enable him to sue and is a "valuable tool for state prisoners."[4] *Id.* at 3. Plaintiff contends "there is no legal ground [to] declare a vexatious litigant [in] federal court," *id.* at 4, but he does acknowledge that courts have discretion to impose sanctions on a party who fails to adhere to the Court's rules. *Id.* at 4-5. Plaintiff requests that this case not be dismissed involuntarily, and he states that he is seeking assistance from a law firm. *Id.* at 5.

**Analysis**

Defendant seeks dismissal of this case pursuant to Rule 41(b). ECF No. 79 at 4. Defendant stresses that Plaintiff has failed to comply with Court orders and rules. *Id.* Because of the Plaintiff's "pattern of complete disregard" of the Rules, Defendant argues that Plaintiff's behavior warrants dismissal. *Id.* at 4-5.

Prior to addressing that issue, consideration has been given to Defendant's point that this is Plaintiff's fourth attempt to litigate a case against the Defendant. Although Defendant has not argued that this case

---

[4] Notably, this case is not brought pursuant to 42 U.S.C. § 1983. This is not an action alleging the violation of a constitutional right. Rather, Plaintiff sues the Defendant for negligence because he "tripped" and "fell over [a] cable wire." ECF No. 19 at 6-8.

Case No. 4:21cv16-AW-MAF

is barred by res judicata or collateral estoppel, the filing of multiple lawsuits raises that concern. Plaintiff's four cases have been analyzed to determine whether this case can proceed.

Rule 41 of the Federal Rules of Civil Procedure governs cases dismissed both voluntarily and involuntarily. Rule 41(a) permits a plaintiff to dismiss an action voluntarily, on his own or with a stipulation of dismissal. Fed. R. Civ. P. 41(a)(1)(A). A Plaintiff may do so and re-file the case, for example, after exhausting administrative remedies or re-file in a more proper venue. Such a dismissal, in general, is "without prejudice." Fed. R. Civ. P. 41(a)(1)(B).

However, Rule 41(b) provides that if a plaintiff fails "to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). In that case, "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

Plaintiff's first case was voluntarily dismissed on his own motion.[5] The Order of dismissal, entered on September 27, 2019, specifically stated that dismissal was "without prejudice." ECF No. 79 at 14. Plaintiff has only voluntarily dismissed a case against Defendant AT&T once; thus, he does not have a dismissal that "operates as an adjudication on the merits." See Fed. R. Civ. P. 41(a)(1)(B).

Plaintiff's second case was filed in the Southern District of Florida on August 13, 2019 - prior to the dismissal of his first case. The second case was dismissed on November 26, 2019, for failure to prosecute because Plaintiff failed to serve the complaint as required by Rule 4(m). ECF No. 79 at 15. Such a dismissal could be deemed to be a "final judgment on the merits" and bar[6] this case. Ferrier v. Atria, 728 F. App'x 958, 962 (11th Cir. 2018) (concluding that "[b]ecause the district court in the Southern District of New York dismissed Ferrier's complaint with prejudice for lack of proper

---

[5] Notably, Rule 41(d) authorizes the Court to require a plaintiff to "pay all or part of the costs of" previous litigation filed against the same Defendant. Plaintiff previously dismissed his first case and has never been required to pay the costs of the previous action. Fed. R. Civ. P. 41(d)(1).

[6] A second case is barred after the dismissal of a first case "when the following elements are present: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) both cases involved the same parties; and (4) both cases involved the same causes of action." Ferrier, 728 F. App'x at 962.

Case No. 4:21cv16-AW-MAF

service, the order was a final judgment on the merits"). However, in this case, it did not. The Order of dismissal from the Southern District of Florida specifically stated it was dismissed "without prejudice." *Id.*

Accordingly, Plaintiff's first two dismissals received the benefit of judicial orders making the dismissals "without prejudice." Because of that language, those cases are not dismissal on the merits and they did not preclude the filing of an additional case. Furthermore, Rule 41(b) specifically excludes a dismissal for "lack of jurisdiction" as an adjudication on the merits. Because that was the basis for Plaintiff's third case, he was not barred from filing this case under Rule 41.

Defendant's primary argument is that Plaintiff displayed "a pattern of complete disregard" of Rules and Court Orders, wasting "judicial and financial resources." ECF No. 79 at 5. More concerning to Defendant, and this Court, is Plaintiff's threats of physical violence to opposing counsel. Such threats are not taken lightly.

Plaintiff stated "I'll be free 2023 just be ready I don't play I live up make good on my promise not threat just keeping it real." *Id.* at 12. Plaintiff went so far as to state, "people kill people gun it tool use protect kill people." *Id.* at 12. Although poorly written, it is deemed to be a threat on

opposing counsel's life. Furthermore, Plaintiff threatened to report counsel to the Florida Bar and said, "since I can't vist [sic] law firm I'll send someone on my behalf talk to you regarding this matter oh don't be scared that just want to talk." *Id.* at 13. Such conduct and behavior cannot be tolerated or excused.

    Also troubling is Plaintiff's failure to explain his letters to counsel. In response to Defendant's motion to dismiss, Plaintiff points out that he has no formal legal education and his request for the appointment of counsel was denied. ECF No. 88 at 1. He further contends that his letters to counsel were following an Order of this Court to attempt to resolve issues without the Court's involvement, *id.* at 1,[7] and he contends he was corresponding "toward settlement as ordered by" the undersigned Magistrate Judge. *Id.* at 1. Plaintiff points out that after being informed that

---

[7] The Order Plaintiff references - ECF No. 54 - had nothing to do with settlement of the case. Rather, the Order provided: "From this point forward, Plaintiff must not file a motion asserting a discovery failure unless, and until, Plaintiff has previously attempted to resolve the issue first with opposing counsel. Only if those efforts are unsuccessful should Plaintiff file a motion concerning an issue with discovery." ECF No. 54 at 2. Thus, Plaintiff is misstating the facts.

Case No. 4:21cv16-AW-MAF

his interrogatories exceeded the number permitted, he corrected the problem. *Id.* at 2.[8]

Plaintiff's conduct in this civil lawsuit is anything but civil. He has violated Court Rules clearly explained to him and filed frivolous motions. He has harassed opposing counsel to the point that counsel felt the need to contact the Department of Corrections. Plaintiff then attempted to claim his letters were in compliance with Court orders. That is not correct. No Court Order has ever - or will ever - suggest a litigant threaten opposing counsel to obtain a settlement. Most concerning is Plaintiff's denial that his correspondence to counsel did "not include threats." *Id.* at 4.

Nelson v. Eaves, 140 F. Supp. 2d 319, 319-20 (S.D.N.Y. 2001), is an illustrative case. There, the prisoner plaintiff (Patrick Nelson) wrote letters to the Assistant Attorney General previously assigned to his case; the

---

[8] Plaintiff filed a first request for production of documents, ECF No. 60, and his first set of interrogatories on August 11, 2021. ECF No. 61. An Order was entered advising Plaintiff that the "filings violate the Rules of this Court, the Federal Rules of Civil Procedure, and the Initial Scheduling Order, ECF No. 45." ECF No. 63 at 2. After explaining why, the Order stated that no further action would be taken on those filings because "they were unnecessary and violated the Rules of this Court." *Id.* at 4. Plaintiff immediately filed another set of interrogatories, ECF No. 64, and a notice stating he had answered interrogatories and responded to Defendant's discovery request. ECF No. 74. Plaintiff has repeatedly ignored Orders ECF Nos. 45, 63, and 65) which advised him not to file discovery requests or responses. One such violation, ECF No. 74, was stricken. *See* ECF No. 77. However, Plaintiff continued to submit another discovery document to this Court. ECF No. 78.

Page 13 of 17

"letters were sexually graphic, threatening in tone, and completely inappropriate." Nelson, 140 F. Supp. 2d at 319-20. The court ordered plaintiff to show cause why the case should not be dismissed. 140 F. Supp. 2d at 320. The court found Nelson's response unsatisfactory and also pointed out that Nelson made "no effort to explain his letters to the prior AAG." Id. at 321. The court concluded that Nelson was "prosecuting [the] case maliciously" and his letters reveals "malice and an intent to harass." Id. at 322 (concluding Nelson was "simply entertaining himself—and abusing the judicial system in the process"). The case was dismissed with prejudice and the plaintiff was "forever" enjoined from "contacting or attempting to contact" opposing counsel.[9] Dismissal in that case was based on 28 U.S.C. § 1915(e) and not Rule 41. The conduct of the plaintiff in Nelson involved nine letters, not just two, and continued even after counsel was not involved in the case. However, one similarity exists in both cases - the plaintiff threatened the life of opposing counsel.

---

[9] It appears that the letters were troubling enough for counsel to have the case reassigned to another Assistant Attorney General. Nelson, 140 F. Supp. 2d at 320.

Case No. 4:21cv16-AW-MAF

Plaintiff's conduct has crossed the line. Threats for bodily harm and death cannot be tolerated. The question is whether Plaintiff's conduct could be controlled with lesser sanctions besides dismissal with prejudice.

"[A] dismissal with prejudice, whether on motion or sua sponte, is an extreme sanction that may be properly imposed only when: '(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'" Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (citations omitted). "[D]ismissal with prejudice is plainly improper unless and until the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, Ltd., 432 F.3d at 1339 (quoting Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1375 (11th Cir. 1999)).

Here, Plaintiff's conduct has been improper and has continued after the issuance of numerous Court Orders. Plaintiff has violated Court Rules, Court Orders, and filed numerous frivolous motions even after being warned not to do so. See, e.g., ECF No. 77. It is unlikely that Plaintiff's conduct would change even if a monetary sanction were imposed. That is so because Plaintiff was granted leave to proceed with in forma pauperis

status in this case.  "[S]uch a litigant, 'whose filing fees and court costs are assumed by the public, ... lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits . . . ." Nelson, 140 F. Supp. 2d at 322 (quoting Neitzke v. Williams, 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

 Plaintiff paid $38.00 as a filing fee initially, and only recently submitted another partial fee after repeated Orders were entered requiring him to submit a copy of his inmate bank account.  ECF Nos. 77, 80, 81, 84, 86, 89, and 91.  Plaintiff was required to do so because his litigation habits were found to be "excessive and costly," and he was seeking discovery for which it did not appear that Plaintiff could afford.  *See* ECF No. 86.  Rather than comply, Plaintiff attempted to submit only a partial page of his inmate bank account.  *See* ECF No. 85.  He also filed a motion for a telephone conference to explain the Order rather than comply as instructed, *id.,* and then requested more time to comply with a simple requirement.  ECF No. 90.  Plaintiff has not shown that he will comply with Court Orders, and a monetary sanction will have little to no impact.  Plaintiff still owes $262.20 of the $350.00 filing fee.  *See* ECF No. 99.

The Supreme Court noted that to prevent "abusive or captious litigation," Congress authorized federal courts to dismiss a claim filed by an in forma pauperis litigant if the Court was satisfied that the action was "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i); Neitzke, 490 U.S. at 324, 109 S. Ct. at 1831. Because of the repeated filings of cases, the failure to comply with Court orders, and the threatening letters Plaintiff sent to opposing counsel, the Court concludes that this litigation is malicious. In this fourth case, Plaintiff seeks fifteen million dollars[10] in damages because he "tripped" and fell. ECF No. 19 at 7, 9. He has not shown that he suffered serious injuries from that fall. *Id.* at 7. Thus, it is recommended that this case be dismissed as malicious pursuant to § 1915(e). Because this was Plaintiff's fourth case against the Defendant, dismissal should be with prejudice.

## **RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion for involuntary dismissal, ECF No. 79, be **GRANTED**

---

[10] Notably, in Plaintiff's second case against the Defendant, he sought twenty-five million dollars in damages. ECF No. 1 at 3-4, case number 1:19cv23383-FAM. In Plaintiff's third case, he sought only three million dollars in damages. ECF No. 14 at 7, case number 4:19cv600-MW-MAF.

and this case be **DISMISSED** as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  It is further **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IN CHAMBERS** at Tallahassee, Florida, on November 15, 2021.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**